UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-24260-KMW

NADINE TEACHMAN, an individual,
ARIADNA PEREZ, an individual, and
KESNA ALEXANDER, an individual,

    *Plaintiffs,*

v.

DOCTORS HOSPITAL, INC. a Florida Not for Profit Corporation, BAPTIST HEALTH SOUTH FLORIDA, INC., a Florida Not for Profit Corporation, YANIELYS RODRIGUEZ, as Surgical Technician, LOURDES MARTIN, as Surgical Technician, YOLANDA ROQUE, as Surgical Technician, NAYIVIS PUPO, as Registered Nurse and Team Lead; EDWARD GARABEDIAN, as Vice President; NICHOLE DISTEFANO, as Patient Care Supervisor; and MARIA CABRERA, as Patient Care Manager,

    *Defendants.*

## **DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**

Defendants, Doctors Hospital, Inc. ("Doctors Hospital"), Baptist Health South Florida, Inc. ("Baptist"), Yanielys Rodriguez ("Rodriguez"), Lourdes Martin ("Martin"), Yolanda Roque, ("Roque"), Nayivis Pupo ("Pupo"), Edward Garabedian ("Garabedian"), Nichole Distefano ("Distefano"), and Maria Cabrera ("Cabrera")(together the "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss the Complaint and state as follows:

**INTRODUCTION**

Plaintiffs purport to allege claims of hostile work environment and retaliation, civil conspiracy, and vicarious liability. However, all claims are without merit and should be dismissed. Indeed, with its deficient allegations and various non-existent claims, the Complaint is nothing more than an attempt to harass Defendants.

The harassing nature of the Complaint is particularly evident in Counts II through IV, where Plaintiffs seek to hold various current and former employees of Doctors Hospital liable for alleged violations of Title VII and the Florida Civil Rights Act ("FCRA"). In bringing such claims, Plaintiffs fail to realize that neither Title VII nor the FCRA recognizes individual capacity lawsuits, and that even if the individuals were sued in their official capacities, such claims are duplicative of those against Doctors Hospital – Plaintiffs' former employer.

Similarly harassing are Counts V, VII, IX, and XI against Baptist. Baptist and Doctors Hospital are separate legal entities, and, as such, Baptist is not liable for any alleged misconduct of Doctors Hospital. Accordingly, all Counts against it must be dismissed with prejudice.

Counts VI and VII, purporting to allege a hostile work environment based on sexual orientation, must also be dismissed with prejudice because the statute on which Plaintiffs rely—Section 1981—does not afford protection against sexual orientation discrimination. Finally, Counts X and XII (alleging civil conspiracy and vicarious liability, respectively), must be dismissed with prejudice because Plaintiffs cannot meet the basic elements of a civil conspiracy and vicarious liability is *not* a cause of action, just a theory of liability.

Even taking aside the frivolity of the claims and the various grounds for dismissal with prejudice, all claims must be dismissed because Plaintiffs have set forth nothing more than a formulaic recitation of the elements of their claims without sufficient factual support, and the

Complaint is a quintessential shotgun pleading that violates Rules 8 and 10 of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing [] the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To promote clarity in a pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that fails to meet the requirements of Rule 8(a)(2), is "often disparagingly referred to as a 'shotgun pleading.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings fail to give adequate notice of the claims against a defendant and are subject to dismissal. *Id.*

A complaint that sets forth no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" also fails to satisfy the requirements of Rule 8 and must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Conclusory allegations, unwarranted deduction of facts [,] or legal conclusions masquerading as facts will not prevent dismissal." *Rogers v. Nacchio*, 241 Fed. Appx. 602, 607 (11th Cir. 2007) (quoting *Jackson v. Bellsouth Telecomms., Inc.*, 372 F. 3d 1250, 1263 (11th Cir. 2004)). That is, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harding v. NCL (Bahamas) Ltd.*, 90 F. Supp. 3d 1305, 1307 (S.D. Fla. 2015) (quotations omitted).

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Although in reviewing a motion to dismiss the Court must construe the complaint in the light most favorable to Plaintiffs and take the factual allegations therein as true, (*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)), that rule is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Plaintiffs must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id*. This in turn requires the Plaintiffs plead "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id*. There must be more than a "sheer possibility that a defendant has acted unlawfully" to withstand dismissal. *Id*. (internal citation omitted).

## ARGUMENT

I. **DISMISSAL WITH PREJUDICE**

   A. *Counts II through IV Must Be Dismissed With Prejudice Because The Individual Defendants Are Not Proper Parties*

"Individual capacity suits under Title VII are . . .inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Cross v. Ala. State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995). *Robbins v. Chatham Cnty*., No. CV410-045 (S.D. Ga. Mar. 24, 2012) (citing *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991) (Title VII applies only to "violations by employers."). *See also Frazier v. Collins*, Civil Action No. 7:18-CV-175 (HL), at *6 (M.D. Ga. Feb. 26, 2019) ("There is no individual liability in discrimination cases."). Further, where the Plaintiffs name the employer as a defendant, "the presence of any individual [D]efendants in their official capacities is redundant and unnecessary." *Childrey v. Cgi Techs. & Solutions*, CIVIL ACT. No. 2:14cv616-MEF (M.D. Ala. Aug. 5, 2014) (citing *Busby*, 931 F. 2d at 772) ("[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly"). *See also McDowell v. Ala. Dep't of Pub. Health*, 2:20-cv-280-JTA (WO) (M.D. Ala. Mar. 31, 2022) ("Because Plaintiff has already asserted Title VII claims against his employer … his Title VII claims against the individual defendants in their official capacities are redundant").

4

In Counts II through IV, Plaintiffs sue various individuals (Garabedian, Distefano, and Cabrera) for violations of Title VII and the FCRA. However, neither statutory scheme recognizes lawsuits against individuals. *Cross*, 49 F.3d at 1504   Further, because Plaintiffs are suing the individual defendants in their official capacities as employees, Counts II though IV are redundant of the claims against the employer. *Busby*, 931 F. 2d at 772. Accordingly, Counts II through IV must be dismissed with prejudice.

> **B**. ***Counts VI and VII Must Be Dismissed with Prejudice Because Section 1981 Does Not Protect Against Sexual Orientation Discrimination***

"[S]ection 1981 only applies to racial discrimination, not to discrimination based upon religion, national origin, or sex." *Gorman v. Roberts*, 909 F. Supp. 1493, 1498 (M.D. Ala. 1995) (citing *Masel v. Industrial Comm'n of Illinois,* 541 F. Supp. 342, 344 (D.C.Ill. 1982)). *See also* 42 U.S.C. § 1981 (securing same rights as those enjoyed by white citizens).

In Counts VI and VII, Plaintiffs bring claims under Section 1981 for alleged hostile work environment based on sexual orientation. However, because that is not a valid cause of action, Counts VI and VII must be dismissed with prejudice.

> **C.** ***Counts V, VII, IX, and XI Against Baptist Health Must Be Dismissed With Prejudice Because Baptist Health Is Not A Proper Defendant***

"Corporations are separate, free-standing legal entities, 'thus, th[e] separate corporate form cannot be disregarded.'" *Brown v. Family Dollar Corp.*, Case No: 6:17-cv-1521-Orl-40KRS, at *3-4 (M.D. Fla. May 15, 2018) (citing *Molenda v. Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, (S.D. Fla. 1999)." Separate legal entities are not liable for the alleges acts of one another, and this principle applies equally in the context of discrimination lawsuits. *See, e.g., Watson v. Gulf & W. Indus.*, 650 F.2d 990, 993 (9th Cir.1981) ("a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary").

5

4860-7263-3159.1 / 071336-1018

Counts V, VII, IX, and XI purport to hold Baptist liable for hostile work environment, retaliation, and vicarious liability, respectively. However, Plaintiffs, who worked exclusively for Doctors Hospital (ECF No. 1-A at ¶ 63) do not raise any allegations of misconduct by Baptist and do not claim that Doctors Hospital is merely an instrumentality or alter ego of Baptist. *See generally* ECF No. 1-A. Accordingly, Baptist, as a distinct legal entity, cannot be held liable for any of Doctors Hospital's alleged wrongs, and the claims against it must be dismissed with prejudice. *See Hunter v. Marlow Yachts Limited, Inc.*, No. 8:09-cv-1772-T-TBM (M.D. Fla. Mar. 18, 2011) (dismissing claims against parent company because parent cannot be held liable for actions of subsidiary absent fraud or wrongdoing by the parent through its subsidiary).

### D. Count X Must Be Dismissed with Prejudice Because Plaintiffs Have Not Pled And Cannot Maintain A Civil Conspiracy Claim

To plead civil conspiracy, Plaintiffs must allege (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damages to Plaintiffs as a result of the acts done under the conspiracy. *Alhassid v. Bank of Am., N.A.*, 60 F.Supp.3d 1302, 1316 (S.D. Fla. 2014) (quoting *Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*, 561 Fed. App'x 882, 886 (11th Cir. 2014).

It is well settled in Florida that the acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. *See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (*en banc*). Under this "intracorporate conspiracy doctrine," a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id. See also Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010) (same).

Plaintiffs allege that the individual Defendants were acting within the course and scope of their employment. (ECF No. 1-A at ¶¶ 27-32). Therefore, their alleged acts as corporate agents are attributed to the corporation itself (Doctors Hospital). Because the requirement that there be multiplicity of actors is not met, Plaintiffs are unable to plead a civil conspiracy, and the claim must be dismissed with prejudice. *McAndrew*, 206 F.3d at 1036.

### E. Count XI Against Baptist and Doctors Hospital Must Be Dismissed With Prejudice Because Vicarious Liability Is Not A Cause of Action

*Respondeat superior* is a legal doctrine of liability, not a cause of action. *Smith v. Jackson*, No. 16-81454-CIV-MARRA, at *7 (S.D. Fla. Mar. 19, 2017) (citing "*Dieas v. Assoc. Loan Co.*, 99 So.2d 279, 281 (Fla. 1957). Further, where a statute already causes an employer to be liable for the wrongs of its employees, bringing the same underlying claim under a theory of *respondeat superior* is duplicative, and the duplicative claims should be dismissed. *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 771 n.7 (7th Cir. 2006).

In Count XI, Plaintiffs seek to hold Doctors Hospital and Baptist vicariously liable for the same alleged events raised in support of their claims under Title VII, Section 1981, and the Florida Civil Rights Act. Therefore, Count XI must be dismissed because vicarious liability is not an independent cause of action, and the count otherwise is duplicative of Plaintiff's statutory claims in this case.

## II. OTHER GROUNDS FOR DISMISSAL

### A. Counts I through IV, VI, And VII Must Be Dismissed Because They Fail To State Claims Of Hostile Work Environment

To plead a hostile work environment, Plaintiffs[1] must allege that:

---

[1] As argued in Section II.B, below, the Complaint improperly groups the Plaintiffs in all claims, Given Plaintiffs' failure to distinguish among Plaintiffs, this Motion assumes that the hostile work environment claims based on race and sexual orientation are brought on behalf of all Plaintiffs.

(1) [they] belong[] to a protected group; (2) [they were] subjected to unwelcome harassment; (3) the harassment was based on [their] membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks omitted). As to the fourth element, the Court considers the totality of the circumstances, including "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002).

Though Plaintiffs' scant allegations make it difficult to know exactly what Plaintiffs claim constituted harassment, their decision to mention race in Counts I through IV and sexual orientation in Counts VI and VII suggests they purport to bring hostile work environment claims based on race and gender. However, Plaintiffs have failed to allege such claims.

    i.    *Perez's Claim of Hostile Work Environment Based on Race and Sexual Orientation*

First, as applied to Perez, the Complaint does not identify Perez's race or sexual orientation. *See generally* ECF No. 1-A. Accordingly, there is no allegation that Perez belonged to any protected group, and, therefore, she cannot plead the first element of a hostile work environment claim. This, alone, requires the claim's dismissal. *Benson v. Fla. Dep't of Corr.*, No. 3:19cv4926-RV-HTC (N.D. Fla. Mar. 27, 2020) (failure to allege that plaintiff is a member of a protected class is "fatal to a claim that [p]laintiff was subject to a hostile work environment).

Further, Perez does not allege that she was subjected to harassment based on her membership to any (unidentified) protected class, and to the extent her claim is based on alleged

acts directed toward Alexander and Teachman, her claim fails because "allegations of events that Plaintiff did not experience generally do not create evidence of a hostile work environment." *In re Lang*, No. CV414-196, at *24 (S.D. Ga. Feb. 9, 2016).

      ii.    *Alexander's Claim of Hostile Work Environment Based on Sexual Orientation*

The Complaint also does not identify Alexander's sexual orientation. *See generally* ECF No. 1-A. Therefore, there is no allegation that she belonged to a protected group that would allow her to meet the first element of a hostile work environment claim based on sexual orientation, and the claim must be dismissed. *Benson*, *supra*.

      iii.    *Alexander and Teachman's Claims of Hostile Work Environment Based on Race.*

While the Complaint alleges that Alexander and Teachman are Black and that their co-workers allegedly made racially charged comments (ECF No. 1-A at ¶¶47-48), those allegations do not give rise to hostile work environment claims because "the mere utterance of an ethnic or racial epithet which engenders offensive feelings does not sufficiently affect the conditions of employment to implicate Title VII." *Joseph v. Florida Quality Truss Industries, Inc.*, CASE NO.: 05-61045-CIV-COOKE/BROWN (S.D. Fla. Dec. 6, 2006). *See also Gooden v. Internal Revenue Serv.*, No. 15-14225, at *12 (11th Cir. Feb. 17, 2017) (citing *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1359 (11th Cir. 1982)) (same); *Singleton v. Auburn Univ. Montgomery*, 520 F. App'x 844, 847-49 (11th Cir. 2013) (concluding that racist comments such as being called "Do Boy," being asked to leave a meeting of supervisors, being told to "watch [his] back" because of his race, while deplorable, were not severe or pervasive enough to create a hostile work environment).

Similarly, Plaintiffs' allegation that Black non-Hispanics often had to eat at their own table (ECF No. 1-A, at ¶ 38) is, even if true, nothing more than a "general allegation of co-worker

9

ostracism" which is also not actionable. *Scusa v. Nestle USA Co., Inc.*, 181 F.3d 958, 969-70 (8th Cir. 1999). Further, the allegation that "favored" employees had breaks that were a few minutes longer (ECF No. 1-A, at ¶ 42) is insufficient because, even if true, "differential treatment in relatively minor office matters does not create an objectively hostile work environment." *Hutchinson v. Auburn Univ.*, No. 3:18-cv-389-ALB, at *9 (M.D. Ala. Apr. 17, 2020). And while favoritism may be an "unseemly and regrettable . . . basis for employment decisions in most contexts, [it] does not constitute discrimination under Title VII." *Singleton v. City of Montgomery*, CIVIL 2:20-cv-898-ECM [WO] (M.D. Ala. Apr. 25, 2022). This is particularly true here given that Plaintiffs also do not allege (1) that the "favored" employees belonged to a different group than Plaintiffs, (2) that they were favored because of their being of a different race, or (3) that the conduct at issue was pervasive. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). (Isolated incidents do not give rise to a hostile work environment). Accordingly, any race-based hostile work environment claim must be dismissed.

iv. *Teachman's Hostile Work Environment Claim Based on Sexual Orientation*

Teachman alleges she belongs to a protected group (she is a member of the LGBTQ community; ECF No. 1-A at ¶ 41). However, she does not plead any of the other elements of a hostile work environment claim. Specifically, Teachman does not allege that she was subjected to harassment because of her sexual orientation. *See generally* ECF No. 1-A. All she alleges is that she witnessed managers favoring employees of unidentified groups and engaging in unidentified unprofessional conversations about the LGBTQ community. *Id.* at ¶ 41. Because Teachman does not provide any alleged facts as to the frequency or nature of these conversations, her claim is purely conclusory and must be dismissed. *See Albritton v. Secretary of State*, Civil Action No. 5:09-CV-00385 (CAR) (M.D. Ga. Oct. 25, 2010) (dismissing hostile work environment claim

10

where plaintiff's complaint did not set forth any factual underpinning of a hostile work environment).

### B. *All Counts Must Be Dismissed Because The Complaint Is A Shotgun Pleading*

In drafting a complaint, counsel is required to ensure that each legal claim advanced is "set forth in a separate count, [such that] if a plaintiff is alleging the violation of three statutes, each of those claims require[s] a separate count." *White v. U.S. Merchant Association Credit Bureau Inc.*, Case Number: 01-6607-CIV-MORENO (S.D. Fla. Nov. 19, 2001). This is so because failing to separate causes of action into different counts fails to give the defendant adequate notice of the claims against it and the grounds upon which each claim rests. *Price v. Lakeview Loan Servicing, LLC*, No. 21-11806, at *7 (11th Cir. Mar. 28, 2022) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F. 3d 1313, 1323 (11th Cir. 2015).

In addition to separating each alleged violation into different counts, the Complaint must separate into different counts the alleged misconduct of each Defendant. *See Mesa v. Kajaine Fund III, LLC*, No. 8:17-cv-450-T-33JSS (M.D. Fla. Feb. 28, 2017). Otherwise, the "inclusion of numerous different Defendants in the same count obscures what allegations are relevant to each Defendant." *Id.* Finally, the Complaint must not incorporate vague and irrelevant allegations into subsequent counts. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (a complaint that incorporates approximately 40 general allegations, many of which are vague, into subsequent counts is a shotgun pleading where many of those allegations relate to only some of the counts, or none of the counts). *See also Lennen v. Marriott Ownership Resorts, Inc.*, Case No: 6:16-cv-855-Orl-41TBS (M.D. Fla. Mar. 31, 2019) (dismissing certain counts as shotgun pleadings were Plaintiff incorporated "large swaths of factual allegations without regard to their relevance to the specific count."). Complaints that fail to follow these basic principles are subject

to dismissal, and that is precisely the result Plaintiffs' deficient Complaint calls for here. *Kanopy Holdings, Inc. v. WL Grp.*, Civil Action 1:21-cv-03304-SDG, at *10 (N.D. Ga. Sep. 20, 2022) ("The Eleventh Circuit has "time and again . . .held that a District Court retains authority to dismiss a shotgun pleading on that basis alone") (citing *Jackson v. Bank of Am.*, 898 F.3d 1348 (11th Cir. 2018).

Plaintiffs' Complaint is a quintessential shotgun pleading. It groups violations of various statutes into single counts (Counts I through IX). It also groups Defendants (Counts X and XI), and it incorporates irrelevant allegations into the various counts. For example, in Counts VI and VII, Plaintiffs incorporate by reference a litany of allegations (Paragraphs 1 through 75 of the Complaint), most of which are irrelevant to sexual orientation discrimination. Therefore, because shotgun pleadings such as this "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigators, the court and the court's parajudicial personnel and resources," dismissal is warranted. *Jackson v. Bank of Am.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an Order granting this Motion to Dismiss with Prejudice and awarding such other relief as this Court deems just and proper.

[*Signature to follow*]

DATED this 20th day of January 2023.     Respectfully submitted,

By: <u>*/s/ Rocio Blanco Garcia*</u>
Patrick G. DeBlasio, III, Esq.
Florida Bar No.: 871737
Email: *pdeblasio@littler.com*
Rocio Blanco Garcia, Esq.
Florida Bar No. 099304
Email: *rblancogarcia@littler.com*
LITTLER MENDELSON, P.C.
The Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 32801
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*COUNSEL FOR DEFENDANTS*