UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-24260-KMW

NADINE TEACHMAN, an individual,
ARIADNA PEREZ, an individual, and
KESNA ALEXANDER, an individual,

    *Plaintiffs,*

v.

DOCTORS HOSPITAL, INC., a Florida
Not for Profit Corporation,

    *Defendant.*

_____

## **DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Doctors Hospital, Inc. ("Doctors Hospital"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss with prejudice Plaintiffs' Amended Complaint. In support of its motion, Doctors Hospital states as follows:

### **INTRODUCTION**

After Doctors Hospital's Motion to Dismiss (ECF No. 7) outlined the various (and obvious) deficiencies in Plaintiffs' original Complaint, Plaintiffs had a month to fix their pleading. Still, the Amended Complaint remains deficient, as it raises implausible claims and fails to adequately substantiate the allegations of discrimination and hostile work environment.

Negligent retention and supervision claims cannot be premised on allegations of unlawful employment practices covered by Title VII and the Florida Civil Rights Act ("FCRA"). Accordingly, Plaintiffs' negligence claims (Counts VII and VIII) must be dismissed with

prejudice. Those claims must also be dismissed because Plaintiffs do not and cannot allege the requisite physical impact.

Counts I, II, V, and VI are also deficient. Plaintiffs completely misunderstand Title VII and the FCRA, and what is required to allege the various claims they bring. As a result, Counts I, II, V, and VI fail to meet the basic requirements of discrimination and hostile work environment claims. Finally, the Amended Complaint continues to be a shotgun pleading in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. Accordingly, and considering Plaintiffs had ample opportunity to fix their Complaint, dismissal with prejudice is appropriate.

## **LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing [] the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To promote clarity in a pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that fails to meet the requirements of Rule 8(a)(2), is "often disparagingly referred to as a 'shotgun pleading.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings fail to give adequate notice of the claims against a defendant and are subject to dismissal. *Id.*

A complaint that sets forth no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" also fails to satisfy the requirements of Rule 8 and must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Conclusory allegations, unwarranted deduction of facts [,] or legal conclusions masquerading as facts will not prevent dismissal." *Rogers v. Nacchio*, 241 Fed. Appx. 602, 607 (11th Cir. 2007) (quoting *Jackson v. Bellsouth Telecomms., Inc.*, 372 F. 3d 1250, 1263 (11th Cir. 2004)). That is, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harding v. NCL (Bahamas) Ltd.*, 90 F. Supp. 3d 1305, 1307 (S.D. Fla. 2015) (quotations omitted).

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Although in reviewing a motion to dismiss the Court must construe the complaint in the light most favorable to Plaintiffs and take the factual allegations therein as true, (*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)), that rule is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Plaintiffs must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* This in turn requires the Plaintiffs plead "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* There must be more than a "sheer possibility that a defendant has acted unlawfully" to withstand dismissal. *Id.* (internal citation omitted).

## ARGUMENT

### A. *Counts VII and VIII Must Be Dismissed With Prejudice*

#### i. *Alleged Title VII and FCRA Violations Cannot Be the Basis of Negligence Claims*

"Under Florida law, negligent supervision and retention occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicates his unfitness and the employer fails to take further action such as investigation, discharge, or reassignment." *Foster v. Select Med. Corp.*, No. 6:11-cv-1234-J-37GJK, at *16 (M.D. Fla. Apr. 24, 2012). "A negligent supervision and retention claim must be based on an injury resulting *from a tort* which is recognized under common law." *Foster v. Select Med. Corp.*, No. 6:11-cv-1234-J-37GJK, at *16 (M.D. Fla. Apr. 24, 2012) (emphasis added). Claims that stem from "alleged violations of Title VII cannot serve as the basis for Plaintiffs' negligent retention [and] supervision claims." *Id.*

Plaintiffs' Amended Complaint seeks to hold Doctors Hospital liable for alleged negligent

3

retention (Count VII) and negligent supervision (Count VIII). However, the alleged underlying events on which those counts are premised are none other than the alleged harassment and discrimination that forms the basis of the Title VII and FCRA claims (Counts I-VI). Because Title VII and FCRA claims are not Florida common law tort claims, "those claims cannot support a claim of negligent [] retention and supervision." *Shackelford v. Publix Super Mkts., Inc.*, Case No: 7:12-cv-03581-MHH (N.D. Ala. Oct. 14, 2014). Dismissal is thus required.

ii.  *The Florida Impact Rule Precludes the Negligence Claims*

Florida's impact rule further supports dismissal with prejudice of Plaintiffs' negligence claims.

The impact rule requires proof of physical injury or illness before Plaintiffs can recover "any type of damages awardable under a negligence theory." *Greenacre Properties, Inc. v. Rao*, 933 So. 2d 19, 25 (Fla. 2d DCA 2006). "Florida courts apply the impact rule to negligent retention cases, as they would to any negligence theory that does not fit into the rule's exceptions." *Warren v. City of Fort Myers*, No. 2:19-cv-00736-JLB-NPM, at *5 (M.D. Fla. Jan. 11, 2021).

Absent an allegation of physical impact, the negligence claims must fail. *See Rao*, 933 So. 2d at 25. And to the extent Plaintiffs will attempt to claim that mental anguish constitutes the requisite "physical impact," that argument is without merit because "intangible, mental injuries are insufficient to meet the physical injury required under the impact rule." *R.J. v. Humana of Florida, Inc.*, 652 So. 2d 360, 363 (Fla. 1995). Further, even if Plaintiffs could allege a physical impact, their negligence claims fail because "a claim under Florida's workers' compensation law is the exclusive remedy available to an injured employee as to any negligence on the part of that employee's employer." *Gomez v. Shiloh Constr., LLC*, No. 3:16cv508-RV-CJK *5 (N.D. Fla. Jan. 11, 2017) (quoting *Eller v. Shova*, 630 So. 2d 537, 539 (Fla. 1993)).

4

Therefore, for all the foregoing reasons, Plaintiffs' negligence claims (Counts VII and VIII) must be dismissed with prejudice.

> **B.     Counts I And II Must Be Dismissed Because They Fail to State Claims of Race/National Origin Discrimination**

It is apparent that Plaintiffs fail to recognize the differences between disparate treatment, hostile work environment, and retaliation claims. As a result, Counts I and II mix all these concepts as if they were synonymous with one another, making it wholly unclear which claims Plaintiffs are actually bringing. For example, while Counts I and II are titled "Race/National Origin Discrimination," and incorporate by reference multiple allegations of supposed "disparate treatment," Plaintiffs simultaneously allege in those counts that "Defendant's actions were intended to adversely affect all Plaintiffs for voiced complaints," which is essentially a claim of retaliation. This vagueness and ambiguity, alone, support dismissal of Counts I and II. *Revere v. Robinson*, Civil Action No. 2:15cv875-WKW (WO), *5 (M.D. Ala. Aug. 16, 2016) ("a complaint should be dismissed as insufficient where the allegations are vague and conclusory.") (citing *Fullman v. Graddick*, 739 F. 2d 553, 556 (11th Cir. 1984)).

But ambiguities aside, Counts and I and II also fail because Plaintiffs have not pled plausible race discrimination claims.

To state a plausible race discrimination claim, Plaintiffs must allege (1) they are members of a protected class; (2) they were qualified for the job; (3) they suffered an adverse employment action; and (4) they were treated less favorably than similarly situated individuals outside their protected class." *Decosta v. ARG Res., LLC*, No. 12-23482-CV, 2012 WL 12865835, at *2 (S.D. Fla. Dec. 7, 2012) (quoting *Maynard v. Bd. Of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). Merely alleging that there are comparators does not suffice. To survive dismissal, the identified comparators must be similarly situated in "all relevant respects." *Dickinson v. Springhill Hosps.,*

*Inc.*, 187 F. App'x 937, 939 (11th Cir. 2006); *see also Mack Muhammad v. Cagle's Inc.*, 379 Fed. Appx. 801, 804 (11th Cir. 2010) (stating same). That is, "a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they cannot reasonably be distinguished." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1228 (11th Cir. 2019). [T]he individuals with whom plaintiff[s] seek to compare [themselves] must have: (1) dealt with the same supervisor, (2) been subject to the same standards, and (3) engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Sanguinetti v. United Parcel Serv., Inc.*, 114 F. Supp. 2d 1313, 1317 (S.D. Fla. 2000), *aff'd.* 254 F.3d 75 (11th Cir. 2001)).

As applied to Perez, the race discrimination claims fail at the most basic level because she is of the same race/national origin as the Hispanic employees she claims were "favored." *See* ECF No. 18 at ¶ 18. Further, Perez does not allege she was subjected to any adverse actions because of her race or national origin, but, rather, for voicing complaints. *See generally* ECF No. 18.

As to Teachman and Alexander's race discrimination claims, while they allege they are Black and that their co-workers allegedly made racially charged comments, those allegations do not give rise to a race discrimination claim because "the mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee does not rise to a Title VII disparate treatment violation." *Gooden v. Internal Revenue Serv.*, No. 15-14225, at *12 (11th Cir. Feb. 17, 2017) (citing *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1359 (11th Cir. 1982)). Similarly, Plaintiffs' allegation that Black non-Hispanics often had to eat at their own table is, even if true, nothing more than a "general allegation of co-worker ostracism" which is also not actionable. *Scusa v. Nestle USA Co., Inc.*, 181 F.3d 958, 969-70 (8th Cir. 1999). Finally, the allegations that "favored" employees had longer lunch breaks and that Black non-Hispanics had harder assignments are

4860-7263-3159.1 / 071336-1018

insufficient because they fail to "identify at least one similarly-situated individual who was treated differently than [Plaintiffs], thus requiring dismissal." *Blow v. Virginia College*, 619 Fed. Appx. 859, 862 (11th Cir. 2015) (plaintiff's failure to identify comparators is fatal); *Decosta*, 2012 WL 12865835 at *3 (dismissing race-based discrimination claim where plaintiff did not sufficiently identify comparators); *Ashmore v. Fed. Aviation Admin.*, No. 11-CV-60272, 2011 WL 3915752 at *4 (S.D. Fla. Sept. 2, 2011) (finding the failure to identify a single comparator rendered the complaint fatally deficient) (citing *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1271 (11th Cir. 2004); *Hollant v. City of N. Miami, Fla.*, 2018 WL 3448096, at *7 (S.D. Fla. July 17, 2018) (dismissing Title VII discrimination claim for failure to plausibly allege a similarly situated comparator). Moreover, even if Plaintiffs were given "harder" assignments, "our law has long made it clear that 'work assignments strike at the very heart of an employer's business judgment and expertise, [and] absent unusual circumstances, they typically do not constitute adverse employment actions.'" *Laster v. Ga. Dep't of Corr.*, Civil Action 5:21-cv-00464-TES (M.D. Ga. Sep. 23, 2022).

At bottom, Plaintiffs' threadbare allegations fail to plead race discrimination, and Counts I and II must be dismissed.

### C. Counts V And VI Must Be Dismissed Because They Fail To State Claims Of Hostile Work Environment

To plead a hostile work environment, Plaintiffs must allege that:

> (1) [they] belong[] to a protected group; (2) [they were] subjected to unwelcome harassment; (3) the harassment was based on [their] membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks omitted).  As to the fourth element, the Court considers the totality of the circumstances, including "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). A hostile work environment is created only "when the workplace is permeated with discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 20 (1993).

While the Complaint alleges that other employees allegedly made racially charged comments (ECF No. 18 at ¶¶37) toward Alexander and Teachman, those allegations do not give rise to a hostile work environment claim because "the mere utterance of an ethnic or racial epithet which engenders offensive feelings does not sufficiently affect the conditions of employment to implicate Title VII." *Joseph v. Florida Quality Truss Industries, Inc.*, CASE NO.: 05-61045-CIV-COOKE/BROWN (S.D. Fla. Dec. 6, 2006).  *See also Gooden v. Internal Revenue Serv.*, No. 15-14225, at *12 (11th Cir. Feb. 17, 2017) (citing *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1359 (11th Cir. 1982)) (same); *See, e.g., Singleton v. Auburn Univ. Montgomery*, 520 F. App'x 844, 847-49 (11th Cir. 2013) (concluding that racist comments such as being called "Do Boy," being asked to leave a meeting of supervisors, being told to "watch [his] back" because of his race, while deplorable, were not severe or pervasive enough to create a hostile work environment).

Similarly, and as stated in Section B, above, Plaintiffs' allegation that Black non-Hispanics often had to eat at their own table (ECF No. 1-A, at ¶ 38) is, even if true, nothing more than a "general allegation of co-worker ostracism" which is also not actionable.  *Scusa*, 181 F.3d at 969-

8

70. The allegation that "favored" employees had breaks that were a few minutes longer (ECF No. 1-A, at ¶ 42) is also insufficient because, even if true, "differential treatment in relatively minor office matters does not create an objectively hostile work environment." *Hutchinson v. Auburn Univ.*, No. 3:18-cv-389-ALB, at *9 (M.D. Ala. Apr. 17, 2020). And while favoritism may be an "unseemly and regrettable . . . basis for employment decisions in most contexts, [it] does not constitute discrimination under Title VII." *Singleton v. City of Montgomery*, CIVIL 2:20-cv-898-ECM [WO] (M.D. Ala. Apr. 25, 2022). This is particularly true given that Plaintiffs also do not allege (1) that the "favored" employees belonged to a different group than Plaintiffs, (2) that they were favored because of their being of a different race, or (3) that the conduct at issue was pervasive. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (Isolated incidents do not give rise to a hostile work environment).

In addition, as stated above, the "harder" assignments Plaintiffs allegedly received cannot form the basis of a hostile work environment claim because "work assignments strike at the very heart of an employer's business judgment and expertise." *Laster*, No. 5:21-cv-00464-TES. And "assigning individuals to difficult jobs [is] not objectively abusive." *Bell v. Ala. Dep't of Human Res.*, Case No.: 2:16-cv-01658-RDP (N.D. Ala. June 6, 2017) (quoting "*Combs-Burge v. Rumsfeld*, 170 F. App'x 856, 862 (4th Cir. 2006)).

Accordingly, any race-based hostile work environment claim must be dismissed.

### D. <u>All Counts Must Be Dismissed Because The Complaint Is A Shotgun Pleading</u>

A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). *Johnson v. Curry*, 3:21-cv-726-MMH-PDB, at *13 (M.D. Fla. Aug. 8, 2022). The Eleventh Circuit has "roundly, repeatedly, and consistently" condemned shotgun

pleadings. *Id.* at 1125.   To avoid being characterized as a "shotgun pleading," a Complaint must not incorporate vague and irrelevant allegations into subsequent counts. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (a complaint that incorporates approximately 40 general allegations, many of which are vague, into subsequent counts is a shotgun pleading where many of those allegations relate to only some of the counts, or none of the counts). *See also Lennen v. Marriott Ownership Resorts, Inc.*, Case No: 6:16-cv-855-Orl-41TBS (M.D. Fla. Mar. 31, 2019) (dismissing certain counts as shotgun pleadings were Plaintiff incorporated "large swaths of factual allegations without regard to their relevance to the specific count.").

"[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *Kanopy Holdings, Inc. v. WL Grp.*, Civil Action 1:21-cv-03304-SDG, at *10 (N.D. Ga. Sep. 20, 2022) ("The Eleventh Circuit has "time and again . . . held that a District Court retains authority to dismiss a shotgun pleading on that basis alone") (citing *Jackson v. Bank of Am.*, 898 F.3d 1348 (11th Cir. 2018)).

The Amended Complaint is subject to dismissal.  It incorporates by reference into each count a multitude of allegations that are irrelevant and wholly inapplicable.  For example, Counts VII and VIII incorporate by reference paragraphs 1 through 21.  As a result, the negligent retention claims improperly state that "this is an employment discrimination action," and go on to discuss inapplicable Title VII, FCRA, and exhaustion of administrative remedies provisions.

Therefore, because shotgun pleadings such as this "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense

10

on the litigators, the court and the court's parajudicial personnel and resources," dismissal is warranted. *Jackson v. Bank of Am.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter an Order granting this Motion to Dismiss with Prejudice and awarding such other relief as this Court deems just and proper.

DATED this 22nd day March 2023.     Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By:     */s/ Rocio Blanco Garcia*
Patrick G. DeBlasio, III, Esq.
Florida Bar No.: 871737
Email: *pdeblasio@littler.com*
Rocio Blanco Garcia, Esq.
Florida Bar No. 099304
Email: *rblancogarcia@littler.com*

*COUNSEL FOR DEFENDANT*

4860-7263-3159.1 / 071336-1018